# U.S. Court of Appeals for the Third Circuit

No. 24-1139

United States of America

v.

Tarik Chambers,
Appellant

_____

Appeal from U.S. District Court, E.D. Pa.
Judge Michael M. Baylson, No. 2:22-cr-00135-001

Before: Krause, Bibas, and Montgomery-Reeves, *Circuit Judges*
Submitted Apr. 28, 2025; Decided May 8, 2026

_____

Nonprecedential Opinion[*]

Krause, *Circuit Judge*.  Appellant Tarik Chambers appeals the District Court's

denial of his motion to withdraw his plea, arguing for the first time in supplemental briefing

on appeal that the District Court violated Rule 11(c)(1) of the Federal Rules of Criminal

Procedure by improperly participating in plea discussions.  Because we conclude that the

District Court plainly violated Rule 11(c)(1), we will vacate, remand, and reassign.[1]

---

[*] This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.
[1] Chambers also challenges his plea on the grounds that the District Court improperly (1) denied Chambers a neuropsychological evaluation, and (2) failed to order a competency hearing.  Because we vacate the plea on Rule 11(c)(1) grounds, we need not reach these alternative bases for relief.

# I. DISCUSSION[2]

## A. Excusing Forfeiture

Because Chambers did not raise his Rule 11(c)(1) challenge before the District Court or in his opening brief on appeal and addressed it only after we ordered the parties to do so in supplemental briefing, we first must determine "if there are extraordinary or exceptional circumstances counseling us to [reach the argument]." *United States v. Sok*, 115 F.4th 251, 264 (3d Cir. 2024). To identify extraordinary or exceptional circumstances, "we typically consider any excuse for [a party's failure to timely raise an argument], the extent to which considering the issue would prejudice the opposing party, and whether our failure to consider it would result in a miscarriage of justice or undermine confidence in the judicial system." *Id.* (citation modified). While we are "slightly less reluctant to bar consideration of a forfeited pure question of law," this narrow exception to the preservation rule "applies to all forfeited issues." *Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 147 (3d Cir. 2017).

Here, we conclude that threshold is met and exceptional circumstances "compel our review." *Id.* at 148. We are not moved by the justification Chambers offers for belatedly raising the Rule 11(c)(1) issue—namely that our recent decision in *United States v. Brown*, 169 F.4th 156 (3d Cir. 2026), constituted a change in law he could not have anticipated. In *Brown*, we held that a district court violated Rule 11(c)(1) by explicitly proposing a sentence during plea negotiations. *Id.* at 158, 160. But *Brown*—though involving unique

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

facts—is simply an application of the Supreme Court's longstanding ruling in *United States v. Davila* (*Davila I*), 569 U.S. 597 (2013).

Nonetheless, we will reach the Rule 11(c)(1) issue here because it "would not implicate the prudential concerns underlying the forfeiture doctrine." *Barna*, 877 F.3d at 148. Specifically, the Government cannot be "unduly surprised," *id.* at 149, because it is well-acquainted with *Davila I*; we raised the issue with both parties, and the Government had the opportunity to fully brief the issue pursuant to our briefing order. In addition, failing to reach the issue, on this record, would result in a miscarriage of justice. As we recently explained, assessing "the miscarriage-of-justice factor" is tantamount to conducting "plain-error review," *Sok*, 115 F.4th at 265, and, per the discussion below, the District Court here plainly erred.

For these reasons, we conclude that exceptional circumstances justify our review of Chambers's otherwise forfeited Rule 11(c)(1) argument, and we now proceed to that review.

## B. Plain Error

Where, as here, a defendant fails to raise a Rule 11(c)(1) challenge in the district court, his plea may be vacated only if he satisfies the plain-error standard. *Davila I*, 569 U.S. at 610, 612. The defendant must show "that (1) the asserted violation of Rule 11(c)(1) was error, (2) the error was plain, and (3) the error affected the defendant's substantial rights." *United States v. Brown*, 595 F.3d 498, 519 (3d Cir. 2010). If he makes that showing, we then consider whether "(4) the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings." *Id.* at 519-20 (citation modified). As explained below, all four conditions are satisfied in this case.

### 1. The District Court's Error

Rule 11(c)(1) provides that "[t]he court must not participate in [plea] discussions." Fed. R. Crim. P. 11(c)(1). But where is the line between permissible commentary and impermissible participation in plea discussions? The Supreme Court began to answer that question in *Davila I*. There, the defendant requested new counsel because his court-appointed counsel "offered no defensive strategy" and "simply advised that he plead guilty." 569 U.S. at 601. In an *in camera* hearing, the magistrate judge told the defendant that an attorney's advice that his client plead guilty is often "the best advice a lawyer can give his client," *id.*, noted that "there may not be a viable defense to [the] charges," and advised the defendant that "someone with [his] criminal history needs a three-level reduction for acceptance" and that pleading guilty might get the defendant such a reduction, *id.* at 602 (citation modified). The Supreme Court held that these "repeated exhortations to [the defendant] to 'tell it all' in order to obtain a more favorable sentence" went "beyond the pale," and not only violated Rule 11(c)(1), but did so plainly. *Id.* at 608.

This case is on all fours with *Davila I*. Chambers, like Davila, requested new counsel, complaining that, despite telling his attorney that he "will be going to [trial]," "Counsel [had] . . . spent his energy . . . trying to convince the Defendant [to take] a plea bargain," App. 36, and had not attempted to "figure out . . . strategies for trial," Appellant's Supp. Br. 1. At the hearing convened by the District Court to address this request, the District Judge, like the judge in *Davila I*, suggested that pleading guilty appeared to be the

4

only path to a shorter sentence.  Among other things, the District Judge told Chambers that, though he did not "know anything about the facts of this case . . . the Government doesn't bring these cases without substantial evidence," Appellant's Supp. Br. 2; that "over 97 percent of" criminal cases brought in federal court "result in guilty pleas . . . because these cases are not brought . . . until the Government . . . has substantial evidence," Appellant's Supp. Br. 3; and that "the Government has the authority to . . . recommend a certain sentence," which "goes a long way" in sentencing, and that "sometimes, if you go to trial and you're convicted, you'll get a longer sentence than you would have gotten if you pled guilty," Appellee's Supp. Br. 3.  The Court also advised Chambers that there would be a mandatory minimum of 21 years if he were convicted, Appellant's Supp. Br. 2, but that his attorney might be able to "negotiate a guilty plea that would result in the judge being able to sentence [him] below the mandatory minimum," Appellee's Supp. Br. 3.  The District Judge then concluded, like the judge in *Davila I*, by offering Chambers some unsolicited advice:  Chambers "ought to authorize [his] lawyer to look into a guilty plea."  Appellant's Supp. Br. 2.

Given the similarities between *Davila I* and the circumstances here, we are satisfied that the District Court erred.

### 2. Whether the Error was Plain

An error is "plain" where the error is "clear under current law."  *United States v. Olano*, 507 U.S. 725, 734 (1993).  The Court in *Davila I* concluded that statements like those here were not just error, but also plain error, based on the prohibition imposed by Rule 11(c)(1) itself.  The District Court made its statements against the backdrop not only

of the Rule, but also of the Supreme Court's opinion in *Davila I*. We thus have little difficulty concluding the error here was "clear under current law." *Id.* at 734.

### 3. The Error Affected Chambers's Substantial Rights

To demonstrate that a Rule 11(c)(1) error affected a defendant's substantial rights, the defendant must show that it is "reasonably probable that, but for the . . . [j]udge's exhortations, [he] would have exercised his right to go to trial." *Davila I*, 569 U.S. at 612. That inquiry is fact intensive, requiring us to consider (1) the time between the Rule 11(c)(1) violation and entry of the plea agreement, *see id.* at 611; (2) whether the judge that violated Rule 11(c)(1) was also the judge that accepted the plea agreement and sentenced the defendant, *see id.*; and (3) whether the record suggests that the defendant was always planning to plead guilty "on whatever terms he could get," *Brown*, 169 F.4th at 159. Other factors sometimes considered include whether the defendant "moved to withdraw his guilty plea" without mentioning "the improper comments," *United States v. Davila* (*Davila II*), 749 F.3d 982, 996 (11th Cir. 2014), and whether a defendant promptly sought to withdraw his plea, *United States v. Ushery*, 785 F.3d 210, 221 (6th Cir. 2015).

We recently conducted this inquiry in *Brown* and concluded that a Rule 11(c)(1) violation did not affect the defendant's substantial rights because "the record demonstrate[d] [the defendant's] consistent intent to plead guilty on whatever terms he could get." 169 F.4th at 159. In coming to that conclusion, we observed that the defendant admitted to the offense "[f]rom the outset," had a stated intent "to plead guilty . . . [and] accept full responsibility for his actions" even prior to the district court's improper comments, and that the "parties shared a mutual understanding from the beginning" that

6

the defendant "was not really going to fight [his prosecution]." *Id.* at 159-60. Those circumstances persuaded us that the district court's improper comments likely did not affect the defendant's decision to plead guilty.

This case stands in stark contrast to *Brown*. Unlike the defendant there, Chambers was steadfastly opposed to pleading guilty from the very beginning. After being "appointed to assist" Chambers, counsel was "told that [Chambers] will be going to [trial]." App. 36. Chambers then requested appointment of a different attorney specifically because counsel "ha[d] spent his energy . . . trying to convince [Chambers] [to take] a plea bargain which [Chambers] d[id] not think [was] in his best interest," App. 36, instead of trying to "figure out . . . strategies for trial," Appellant's Supp. Br. 1. Nothing in this record suggests that Chambers intended to plead guilty, let alone "on whatever terms he could get." *Brown*, 169 F.4th at 159.

The other factors also suggest Chambers would have gone to trial but for the District Court's improper comments. Despite Chambers's persistent opposition to pleading guilty, he entered a plea agreement within four weeks of the District Court's comments, and pleaded guilty just two weeks later. And the District Judge who made the comments was the same judge who accepted Chambers's plea and sentenced him. Under these circumstances, the District Court's error likely affected Chambers's substantial rights, so this plain-error requirement, too, is satisfied.

### 4. If Uncorrected, the Error Would Seriously Affect the Fairness and Reputation of Judicial Proceedings

We now turn to the final requirement: Would refusing to correct this error "seriously affect the fairness, integrity, or public reputation of judicial proceedings"? *Olano*, 507 U.S. at 736. If an error is sufficiently serious, when considered in the context of the entire case, we may (but need not) correct it. *United States v. Greenspan*, 923 F.3d 138, 157 (3d Cir. 2019). As our sister circuits have recognized, judicial involvement in plea discussions is particularly likely to warrant correction because such misconduct can create a "misleading impression that a judge is" not a "neutral arbiter." *United States v. Bradley*, 455 F.3d 453, 463 (4th Cir. 2006) (citation modified); *see also United States v. Kyle*, 734 F.3d 956, 966 (9th Cir. 2013); *United States v. Cano-Varela*, 497 F.3d 1122, 1133-34 (10th Cir. 2007); *United States v. Baker*, 489 F.3d 366, 375 (D.C. Cir. 2007).

After assessing the entire record, we conclude that failing to correct the error here would seriously affect the fairness and public reputation of judicial proceedings. The error was serious because it is reasonably likely that, but for comments that, however well-intentioned, amounted to improper judicial pressure, Chambers would have exercised his right to a jury trial. Allowing this error to stand also could "create[] a misleading impression of [the judge's] role in the proceedings," *Brown*, 595 F.3d at 520 (quoting *Baker*, 489 F.3d at 370), by suggesting that the judge sought a particular outcome. We therefore exercise our discretion to order it corrected.

### C. Remand and Reassignment

Reassignment is appropriate not only "when there is some concern about bias" but also when there could be an "appearance of bias." *United States v. Barksdale*, 98 F.4th 86, 90 (3d Cir. 2024). As we explained in *Brown*, judicial involvement in plea negotiations "is apt to diminish the judge's impartiality" and to "create[] a misleading impression of [the judge's] role in the proceedings" in the mind of the defendant and the public. 595 F.3d at 520 (quoting *Baker*, 489 F.3d at 370). For that reason, our sister circuits regularly reassign the case when remanding for a Rule 11(c)(1) violation. *See, e.g.*, *United States v. Harrell*, 751 F.3d 1235, 1241 (11th Cir. 2014); *United States v. Pena*, 720 F.3d 561, 577 (5th Cir. 2013); *Kyle*, 734 F.3d at 967. Because we conclude that the District Court's violation of Rule 11(c)(1) could create an appearance of bias, we too will remand to a different district judge.

## II. CONCLUSION

For the foregoing reasons, we will vacate the final judgment, remand, and reassign this case for further proceedings consistent with this opinion.

Elisa Long
Ray Kim
Jasmine R. Sola
OFFICE OF FEDERAL PUBLIC DEFENDER
    *Counsel for Appellant*

J. Jeanette Kang
Sandra M. Urban
Robert A. Zauzmer
OFFICE OF UNITED STATES ATTORNEY

*Counsel for Appellee*